I respectfully dissent. The trial judge premised his denial of the entrapment instruction on the ground that a confidential informant cannot be an agent of the police for purposes of entrapping an individual in a criminal activity. This proposition is erroneous. State v. Milbern (February 16, 1987), Montgomery App. No. 9720, unreported, citing Sherman v. United States
(1958), 356 U.S. 369, 373-4.
In order to salvage the trial court's ruling, the majority says that since entrapment is an affirmative defense and it is clear that appellant was predisposed to deal drugs, then we can take this question of fact from the jury. In my view, once you have shown that the person who initiated the transaction is both an intimate of the defendant and a police informant, there is a colorable argument for entrapment and the jury should be allowed to decide the truth of the matter. I would, therefore, conclude that failure to charge the jury on entrapment is prejudicial error.